**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 18-134 (JRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER DENYING DEFENDANT'S MOTION FOR REDUCED SENTENCE** |
| ROBERT PEREZ, | |
| Defendant. | |

Michael L. Cheever, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis MN 55415, for plaintiff;

Robert Perez, Reg. #10229-041, Federal Correctional Institution McDowell, P.O. Box 1009, Welch, WV 24801, *pro se* defendant.

Petitioner Robert Perez pleaded guilty to possession of methamphetamine with intent to distribute in May 2018 and was sentenced in November 2018. On August 5, 2019, Perez filed a motion to reduce his sentence in accordance with Section 404 of the First Step Act of 2018. Section 404 of the First Step Act allows a court to reduce the sentence of a defendant convicted before August 3, 2010 of certain crack cocaine offenses. Since Perez was convicted in 2018 of a methamphetamine offense, the Court will deny Perez's motion for sentence reduction.

**BACKGROUND**

Perez was apprehended in April 2018 with more than 500 grams of a mixture and substance containing methamphetamine. (Plea Agreement ¶ 2, June 1, 2018, Docket No. 20.) Perez subsequently pleaded guilty to possession with intent to distribute more than 500 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (*Id.* ¶ 1.) As part of his amended plea agreement, Perez agreed to a recommended sentence of twenty years (240 months) in prison. (Joint Position on Sentencing at 1, Oct. 26, 2018, Docket No. 30; Am. to Plea Agreement and Sentencing Stipulations ¶ 8.5, Nov. 9, 2018, Docket No. 36.) On November 15, 2018, Perez was sentenced to twenty years in prison followed by five years of supervised release. (Sentencing J. at 2–3, Nov. 15, 2018, Docket No. 39.)

Perez now moves for a reduction in sentence under Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"), which allows courts to reduce sentences for certain offenses involving crack cocaine committed before August 3, 2010. (Mot. to Reduce Sentence at 1, Aug. 5, 2019, Docket No. 41.) The government opposes the motion because Perez's crime did not involve crack cocaine and occurred in 2018. (Gov't's Mem. in Opposition at 1, Aug. 7, 2019, Docket No. 43.)

**DISCUSSION**

**I.   SENTENCE REDUCTIONS UNDER § 404 OF THE FIRST STEP ACT**

As a general rule, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is when a sentence modification

is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Section 404 of the First Step Act expressly allows courts to reduce sentences imposed for certain offenses. First Step Act §§ 404(a)–(b). Courts may only reduce a sentence, however, if it fits within Section 404's strict contours. *See, e.g., United States v. Brown*, No. 02-101 (JRT), 2019 WL 4888675, at *2 (D. Minn. Oct. 3, 2019); *United States v. Spencer*, No. 07-174(1) (JRT/JJG), 2019 WL 3369794, at *2 (D. Minn. July 26, 2019).

Section 404's contours are tied to a previous sentencing reform measure, the Fair Sentencing Act of 2010. The Fair Sentencing Act of 2010 "increased the amount of crack cocaine needed to trigger certain statutory mandatory minimums" for importation and distribution offenses and "eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine." *Spencer*, 2019 WL 3369794, at *1 (citing Fair Sentencing Act of 2010, PL 111-220, Aug. 3, 2010, 124 Stat. 2372). The Fair Sentencing Act, however, was not applied retroactively. *See United States v. Orr*, 636 F.3d 944, 958 (8th Cir. 2011). While defendants sentenced for specific crack cocaine offenses after the passage of the Fair Sentencing Act were subject to shorter terms of imprisonment, defendants sentenced for those same crimes before the Act's passage were not entitled to a reduction in their sentence.

Section 404 of the First Step Act remedies this discrepancy and allows courts to apply the Fair Sentencing Act retroactively, but only if a defendant was convicted of a "covered offense." First Step Act § 404(b). The First Step Act defines a "covered offense" as an offense (1) whose penalty was modified by Fair Sentencing Act and (2) that was committed before the passage of the Fair Sentencing Act on August 3, 2010. *Id*. § 404(a).

In short, for Section 404 of the First Step Act to be applicable, a defendant must have committed a specific offense involving crack cocaine before August 3, 2010.

Perez's offense, however, involved methamphetamine, not crack cocaine, and was committed in April 2018, nearly eight years after the enactment of the Fair Sentencing Act. Perez's crime does not qualify for a reduced sentence under Section 404 of the First Step Act. Accordingly, the Court will deny his motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Robert Perez's Motion for Sentence Reduction [Docket No. 41] is **DENIED**.

DATED: January 3, 2020  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
United States District Judge