# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 18-134 (JRT/BRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S § 2255 MOTION** |
| ROBERT PEREZ, | |
| Defendant. | |

Michael L. Cheever, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Robert Perez, No. 10229-041, USP Hazelton, P.O. Box 2000, Bruceton Mills, WV 26525, *pro se* defendant.

Robert Perez has filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel and that the Court erred in accepting Perez's plea agreement and when sentencing him. The United States has moved to dismiss Perez's motion as untimely. Because the Court finds that Perez's § 2255 Motion is untimely, the Court will grant the United States' Motion, deny Perez's Motion, and deny Perez a certificate of appealability.

## BACKGROUND

On June 1, 2018, Perez pleaded to possession with intent to distribute more than 500 grams of a mixture and substance containing methamphetamine in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(A). (Docket No. 20.) As part of the amended plea agreement, Perez agreed to a recommended sentence of 240 months. (Docket No. 36.) On November 9, 2018, the Court sentenced Perez to 240 months in prison followed by five years of supervised release. (Docket No. 39.) Judgment was entered on November 15. (*Id.*) Perez did not appeal this judgment.

On December 7, 2020, Perez filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Docket No. 45.) The United States moved to dismiss Perez's motion as untimely. (Docket No. 47.) Perez responded to the United States' motion, arguing that § 2255's statute of limitations should be equitably tolled.[1]

## DISCUSSION

**I.     SECTION 2255**

Section 2255 allows a federal prisoner a limited opportunity to seek postconviction relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).

---

[1] Perez responded to the United States' motion by filing what he titled a "Motion to Move Forward," (Docket No. 49), in which he asserts that equitable tolling should be applied for the first time. As such, the Court will construe this "Motion" as a supplement to his § 2255 Motion and will consider them as one.

Section 2255(f) establishes that § 2255 motions are timely if they are brought within a one-year statute of limitations. *See id.* § 2255(f). The limitation period runs, as relevant here, from the date on which the judgment of conviction becomes final. *Id.* § 2255(f)(1). If a petitioner fails to file a motion within the limitation period, the Court may apply equitable tolling. *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013) (citation omitted). "Equitable tolling is an exceedingly narrow window of relief." *Id.* (citation omitted).

## II. ANALYSIS

The Court sentenced Perez on November 9, 2018 and judgment was entered on November 15. As Perez did not appeal this judgment, it became final on November 29, 2018. Fed. R. App. P. 4(b)(1)(A), (b)(6); *Camacho v. Hobbs*, 774 F.3d 931, 932–33 (8th Cir. 2015). Perez filed his § 2255 Motion over two years later, on December 7, 2020. As such, Perez's Motion is untimely, which he does not contest.[2] Instead, Perez argues that equitable tolling should be applied.

---

[2] In his § 2255 Motion, Perez also requested an evidentiary hearing. A petitioner is generally entitled to an evidentiary hearing on a section 2255 motion. *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). However, "[i]f it is apparent from the face of the motion and supporting record that [the] petition is untimely, then no hearing . . . [is] required." *Id.* (quotation omitted). Accordingly, the Court will deny Perez's request.

The Court disagrees. Perez claims that he was continually stymied in his efforts to prepare the § 2255 Motion, but the fact that he was able to file another motion a few months before the statute of limitations had elapsed cuts against this claim. Additionally, Perez references the coronavirus pandemic, which is an extraordinary circumstance, but it reared its head in this country after the one-year statute of limitations period had already run. As such, Perez fails to demonstrate due diligence or that any external circumstance outside of his control impeded his ability to file a § 2255 motion on time. Thus, he is not entitled to equitable tolling and, accordingly, the Court will grant the United States' Motion to Dismiss and will dismiss Perez's § 2255 Motion.

### III. CERTIFICATE OF APPEALABILITY

A final order in a proceeding under § 2255 can only be appealed if "a circuit justice or judge issues a certificate of appealability," which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To make a substantial showing, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted); *see also Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994).

The issue in this case is whether Perez is entitled to equitable tolling. Based on careful consideration of the record, the Court finds that he is not. Further, the Court finds

that Perez has not demonstrated that the issue is debatable among jurists of reason, that a court could resolve it in a different manner, or that it deserves encouragement to proceed further. Accordingly, the Court will deny a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The United States' Motion to Dismiss [Docket No. 47] is **GRANTED.**

2. Perez's Motion to Vacate, Set Aside, or Correct Sentence under § 2255 [Docket No. 45] is **DENIED**.

3. Perez's Motion to Move Forward [Docket No. 49] is **DENIED**.

4. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Perez's Motions.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 3, 2021                  _____
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                                             Chief Judge
                                                United States District Court